Daniel Henry Armijo, Jr.

ADC # 214294

ASPC Douglas - Gila

P.O. Box 3867

Douglas, Az. 85608-3867

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Henry Armijo, Jr., a single man; <br> Plaintiff, | Case No.: CV-19-02557-PHx-SRB-(ESW) |
| v | **LRCiv. 15.1 COMPLIANT AMENDED COMPLAINT WITH JURY DEMAND BY A PRISONER (42 U.S.C. 1983)** |
| Officer Edwin Nickerson and Jane Doe Nickerson, husband and wife; Officer D. Glover and Jane Doe Glover, husband and wife; Officer K. Cameron and Jane Doe Cameron, husband and wife; Officer B. Hathcock and Jane Doe Hathcock, husband and wife; Officer Randy Doe and | |

Page 1 of 16 14

Mrs. Randy Jane Doe,
Husband and Wife;
CITY OF MESA,
a municipal entity; and
John Does I-X, ABC corporations
I-X, and XYZ Partnerships I-X,
Defendants.

# INTRODUCTION

Plaintiff Daniel Henry Armijo, Jr. ("Armijo"), a State Prisoner, Files this Civil action against Officer Nickerson; Officer Gelover; Officer Cameron; Officer Hathcock and the City of Mesa (collectively "Defendants"), Pursuant to the Constitution, and Title 42 U.S.C. 1983 Seeking damages for committing acts under the Color of law which deprived the Plaintiff of rights Secured under the Constitution. In addition, this is a Civil action Seeking damages against Defendants for intentional wrongdoing under the Common and Statutory laws of Arizona.

# JURISDICTION AND VENUE

1. This action arises because members of the Mesa City Police Department used excessive Force while arresting the Plaintiff outside of the Baptist Church, violating his rights protected by the United States Constitution and the laws of Arizona.

2. This court has original Jurisdiction Pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343, and Supplemental Jurisdiction under 28 U.S.C. 1367.

3. Venue is Proper as the events complained of occured in the City of Mesa, Arizona, a municipality located within Maricopa County, Arizona.

4. Plaintiff demands a Jury trial.

## PREVIOUS LAWSUITS BY PLAINTIFF

4½. Plaintiff has filed no other lawsuits while a Prisoner.

## PARTIES

5. Plaintiff Daniel Henry Armijo, Jr., a single man, was at all relevant times a resident of Maricopa County, Arizona.

6. Upon information and belief, Defendants Officer Edwin Nickerson and Jane Doe Nickerson are residents of Maricopa County, Arizona. Defendant Nickerson was at all relevant times a Mesa City Police Officer acting within the Scope and Course of his employment with Defendant City of Mesa. Defendant Nickerson is being Sued in both his individual and official Capacities. Once Plaintiff determines Jane Doe Nickersons true name, he will Seek leave of this Court to amend his complaint and Set forth her true name.

7. Upon information and belief, Defendants Officer D. Glover and Jane Doe Glover are residents of Maricopa County, Arizona. Defendant Glover was at all relevant times a Mesa City Police Officer acting within the Scope and course of his employment with Defendant City of Mesa. Defendant Glover is being Sued in both his individual and Official Capacities. Once Plaintiff determines Jane Doe Glovers true name, he will Seek leave of this Court to amend his Complaint and Set forth her true name.

8. Upon information and belief, Defendants Officer K. Cameron and Jane Doe Cameron are residents of Maricopa County, Arizona. Defendant Cameron was at all relevant times a Mesa City Police Officer acting within the scope and course of his employment with Defendant City of Mesa. Defendant Cameron is being sued in both his individual and official capacities. Once Plaintiff determines Jane Doe Camerons true name, he will seek leave of this court to amend his Complaint and set forth her true name.

9. Upon information and belief, Defendants Officer B. Hathcock and Jane Doe Hathcock are residents of Maricopa County, Arizona. Defendant Hathcock was at all relevant times a Mesa City Police Officer acting within the scope and course of his employment with Defendant City of Mesa. Defendant Hathcock is being sued in both his individual and official capacities. Once Plaintiff determines Jane Doe Hathcock's true name, he will seek leave of this court to amend his Complaint and set forth her true name.

10. Upon information and belief, Defendants Officer Randy Doe and Mrs. Randy Jane Doe are residents of Maricopa County, Arizona. Defendant Randy Doe was at all relevant times a Mesa City Police Officer acting within the scope and course of his employment with Defendant City of Mesa. Defendant Randy Doe is being sued in both his individual and official capacities. Once Plaintiff determines Randy Doe's and Mrs. Randy Doe's true name, he will seek leave of this court to amend his Complaint and set forth his and her true name.

~~7~~ 11. Defendant City of Mesa is a public municipal corporation formed and designated as such Pursuant to Title 9 of the Arizona Revised

Statute S. It deploys a Police force that operates under and administers a set of law enforcement Policies, Practices and customs involving the hiring, training and supervision of it's Police Officers. These Policies, Practices and customs include training in the use of force and on-the-street encounters with civilians as well as firearms training. As such, it is the subject to this civil suit and it may be held liable both directly and vicariously for the wrongful conduct of its Police Officers.

~~8~~ 12. Defendants, at all material times, did cause to occur in the State of Arizona, County of Maricopa, the events that are the subject matter of this lawsuit and which events were performed for and on behalf of their community and separate estates.

~~9~~ 13. Defendants John and Jane Does I-X, ABC corporations I-X and XYZ Partnerships I-X are fictitiously named persons, entities, Presidents, officers, employers, and/or owners whose action(s) or relationship to Defendants may render them liable to the Plaintiff for his injuries and damages herein complained of. Plaintiff reserves the right to amend the complaint to reflect their true names.

# STATEMENT OF RELEVANT FACTS

~~10~~ 14. I, Daniel Henry Armijo, Jr., am the Plaintiff in the above-entitled case.
~~11~~ 15. On or about April 19th, 2017, at about 1:30 a.m., I was sitting at the Baptist Church on Brown Road, eating a cheese danish and drinking a soda, when I was approached by Mesa Police Officer Edwin Nickerson #17005.

~~12~~ 16. He asked me what I was doing and I told him I was charging my phone.

~~13~~ 17. He asked me if that was my bike around the corner and if I had any weapons on me. I told him yes that is my bike and I have a pocket knife on me.

~~14~~ 18. He told me to put my pocket knife on the block wall and to come to where he was standing, which I did.

~~15~~ 19. He asked me my name. I responded with my brothers name and date of birth, because I had an outstanding warrant.

~~16~~ 20. A few moments later, he told me that there was no record in the database with that name and birth date.

~~17~~ 21. While he was asking me more questions, Officer D. Glover, Officer K. Cameron, Officer B. Hathcock, along with other Mesa Police Officers Does 1 thru 10 arrived. This group is herein after referred to as "Officers."

~~18~~ 22. The "Officers" put on their gloves in a menacing way, then surrounded me like they were going to jump me.

~~19~~ 23. They were inching closer and closer, while Officer Nickerson kept asking me questions.

~~20~~ 24. When they got close, Officer Nickerson told me to put my hands behind my back, so I could not defend myself, when he punched me in the abdomen without any need or provocation.

~~21~~ 25. Several of the "Officers" grabbed me and threw me to the ground. Their body weight, on top of me, ground my face into the pavement.

~~22~~ 26. Over the next several hours, I was beat, bludgeoned and tased with dangerous weapons, and had my limbs torqued into unnatural positions, even though I was handcuffed and did not fight back.

~~85~~ 27. All while I screamed in pain for help and other "Officers" watched and failed to intervene.

~~24~~ 28. About four(4) to five(5) hours later, at sunrise, I was taken to the hospital with lacerations to the face and scalp; numerous bruises, contusions, and abrasions to the arms, legs, torso, face and head; a separated left shoulder; a torn ligament in the right hand, that required reconstructive surgery; and my left shin received numerous stitches.

~~85~~ 29. When I was shown the Mesa Police Reports by my appointed criminal defense counsel, I was shocked by the "Officers" untrue and self-serving statements of the events above.

~~86~~ 30. Thankfully, the "Officers" Body Camera Summaries, shown to me by my appointed criminal defense counsel, shows what actually happened.

31. According to the Body Camera Summary, (Possibly Cameron's body cam), Officer said: "Randy starts dropping haymakers. I start kneeing him in the head. I hit him a lot man. His face is going to be bloodied for sure. Randy you got some powerful hits man. No he wasn't swinging. We were both on him."

~~27~~ 32. Officer Nickerson's and the other "Officers" actions were not only unreasonable, reckless and excessive, their intentional acts to hide and lie about the events above are punitive in nature.

~~28~~ 33. Officer Nickerson's and the other "Officers" acts throughout the events above have resulted in an array of maladies. I have been subjected to anguish and pain and suffering, Post traumatic stress-disorder, and other damages.

~~29~~ 34. At all times relevant to this action officer Nickerson and the other "officers" were acting under the color of law and within the course and scope of their employment as duly appointed law enforcement officers.

~~30~~ 35. At all times relevant to this action, Defendant City of Mesa had in effect and was responsible for the policies and procedures followed by Officer Nickerson and the other "officers," and was further responsible for hiring Supervision, monitoring, and disciplining of the individual "officers" involved.

36. I recently discovered the City of Mesa has a history of allowing its Police officers to use excessive force, allowing its officers to get away with assaulting peaceful citizens. This shows a policy, practice or custom of the City of Mesa that sanctions the use of excessive force against peaceful citizens. In light of this history, it is clear, that the need for more or different training of the "officers" is so obvious, and the inadequacy so likely to result in violations of Constitutional rights, that the City of Mesa policy makers can be reasonably said to have been deliberately indifferent.

37. I filed a Notice of Claim on October 16th, 2017 with the Mesa City Clerk.

# COUNT 1
# CIVIL RIGHTS: 42 U.S.C. 1983

### Fourth Amendment and Deprivation of Civil Rights

~~31~~ 38. Plaintiff incorporates by reference every paragraph contained above.

~~32~~ 39. At the time of this incident, Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does were performing their duties as Police officers, acting under the color of law.

~~33~~ 40. Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe

and Does acted with ~~indifference~~ deliberate indifference to and reckless disregard for the safety and well-being of Armijo with the specific intent to deprive Armijo of his Constitutional rights secured by the Fourth Amendment to the United States Constitution, including his right to be secure in his person and free from the use of unreasonable force and threats.

~~34~~ 41. Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does acted unreasonable by using force when it was patently unnecessary to prevent injury to Officers or third Persons.

~~35~~ 42. Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does acted in concert and worked off of each other in order to commit the violation upon Armijo.

~~36~~ 43. The behavior of Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does, beating, bludgeoning, tasing, and torquing Armijo's limbs into unnatural Positions, was not necessary and shocking to the conscious.

~~37~~ 44. Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does unjustified use of excessive force on an unarmed person was unreasonable and excessive.

~~38~~ 45. Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does actions were unreasonable under the circumstances.

~~39~~ 46. As a direct and Proximate result of Defendants acts, omissions and Constitutional Violations stated above, Armijo suffered injuries in an amount to be proven at trial.

Municipal Liability against Defendant City of Mesa

~~46~~ 47. Plaintiff incorporates by reference every paragraph contained above.

~~44~~ 48. Defendant City of Mesa acted with indifference to the rights of the citizens of Mesa, including Armijo, protected by the Fourteenth and Fourth Amendments of the United States Constitution.

~~48~~ 49. Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does unreasonable acts were followed pursuant to a policy, practice, or custom put in place by the policymakers of the Defendant City of Mesa.

~~43~~ 50. Defendant City of Mesa had a policy, practice, or custom of failing to adequately train officers in charge of arresting peaceful citizens, and failing to put in place a plan for when individuals are being assailed by ~~these~~ ~~other~~ officers.

~~44~~ 51. Defendant City of Mesa had a policy, practice or custom of failing to adequately train officers to recognize the boundaries of their constitutional authority, and such failure constitutes deliberate indifference.

~~45~~ 52. As a direct and proximate result of Defendant City of Mesa's actions, Plaintiff suffered mental anguish and pain and suffering, post-traumatic stress disorder, and other damages in an amount to be proven at trial.

# COUNT II
## CIVIL RIGHTS: 42 U.S.C. 1983

## Excessive Force / Police Brutality

~~46~~ 53. Plaintiff incorporates by reference every paragraph contained above.

~~47~~ 54. At all times relevant herein, Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does had a duty to employ only reasonable measures in their interaction and treatment of Armijo.

~~48~~ 55. Notwithstanding said obligations, Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does wrongfully, unlawfully and maliciously used excessive ~~force~~ and unreasonable force on Armijo, inasmuch as no force whatsoever was warranted under the circumstances nor authorized under the law.

~~49~~ 56. Defendant City of Mesa had a policy, practice, or custom of failing to adequately train, monitor, and educate officers to recognize the boundaries of their constitutional authority and force needed under the circumstances.

~~50~~ 57. As a direct and proximate result of the intentional, reckless and wrongful actions of Defendants, Armijo was deprived of his constitutional right to be free from the use of excessive force by a law enforcement officer, and suffered injuries in an amount to be proven at trial.

# COUNT III
# DEPRIVATION OF CIVIL RIGHTS: 42 U.S.C. 1983

### Disregard for Safety and Well-Being

~~51~~ 58. Plaintiff incorporates by reference every paragraph contained above.

58 59. Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does with deliberate indifference to and reckless disregard for the safety and well-being of Armijo, and in violation of the Fourth Amendment of the United States Constitution, committed or allowed to be committed an unreasonable denial of Armijo's freedom and use of dangerous weapons.

59 60. As a direct and proximate result of the unreasonable actions of Defendants negligence, Armijo suffered injuries to be proven at trial.

# COUNT IV
## CIVIL RIGHTS: 42 U.S.C. 1983

### Negligent Training and Supervision Amounting to Deliberate Indifference

54 61. Plaintiff incorporates by reference every paragraph contained above.

55 62. At all times relevant herein, Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does were acting under the direction and control, pursuant to the rules, regulations, policies and procedures of Defendant City of Mesa.

56 63. Defendant City of Mesa acted negligently, carelessly, recklessly and with deliberate indifference in failing to properly train, supervise, control, direct and monitor the members of its police

force involved in interacting with the public, and in particular, Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does in their duties and responsibilities.

57 64. As a direct and proximate result of the acts and omissions of Defendant City of Mesa, Armijo was wrongfully, unlawfully and unnecessarily harmed by their actions.

# COUNT V

Negligence

58 65. Plaintiff incorporates by reference every paragraph contained above.

59 66. This Cause of Action is brought pursuant to Arizona State law.

60 67. Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does failed to act with reasonable care under the circumstances.

61 68. Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does breached the proper standard of care by using excessive force.

62 69. Defendant City of Mesa is vicariously liable under respondeat superior for the actions of any employee, agent, or servant of the City of Mesa, including that of Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does.

63 70. As a direct and proximate result of Defendants negligence, Armijo suffered mental anguish and pain and suffering in an amount to be proven at trial.

# COUNT VI

## Assault and Battery

64 71. Plaintiff incorporates by reference every paragraph contained above.

65 72. This Cause of Action is brought pursuant to Arizona State law.

66 73. Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does, acting as agents of Defendant City of Mesa, intentionally and unlawfully placed Armijo in reasonable apprehension of imminent physical injury when they made threats between attacks.

67 74. The threats of Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does were instances of unlawful use of force given the circumstances.

68 75. Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does, acting as agents of Defendant City of Mesa, intended to cause harm or offensive contact with Armijo.

69 76. Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does did in fact make offensive contact with Armijo.

70 77. Defendant City of Mesa is vicariously liable under respondent superior for the actions of any employee, agent, or servant of the City of Mesa, including Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does.

71 78. As a direct and proximate result of Defendants' actions, Armijo suffered mental anguish and pain and suffering in an amount to be proven at trial.

# COUNT VII

Intentional Infliction of Emotional Distress

~~78~~ 79. Plaintiff incorporates by reference every paragraph contained above.

~~73~~ 80. This Cause of Action is brought pursuant to Arizona State law.

~~74~~ 81. Defendants Nickerson, Glover, Cameron, Hathcock, Randy Doe and Does intentionally caused severe emotional distress to Armijo by their extreme, outrageous and indifferent conduct.

~~75~~ 82. As a direct and proximate result of Defendants actions, Armijo suffered emotional distress and mental anguish in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for Judgement against Defendants, Jointly and Severally, in the full and fair amount to be proven at trial, including:

    A. General Damages;
    B. Compensatory Damages;
    C. Punitive Damages;
    D. Attorneys Fees; and
    E. Interest and Costs.

Pursuant to 28 U.S.C. 1746, I declare under the penalty of Perjury that the foregoing is true and correct.

Respectfully Submitted this 27th day of November, 2019,


Daniel Henry Armijo, Jr.

# CERTIFICATE OF SERVICE

I, Daniel Henry Armijo, Jr. the Plaintiff, declare under the penalty of perjury that the foregoing is true and correct. Also, I hereby certify that a true and correct copy of the aforementioned was placed in prison officials hands on this 27th day of November, 2019, for depositing in the United States Mail to the following:

Clerk, United States District Court
Sandra Day O'connor U.S. Courthouse suite 130
401 W. Washington St, SPC-1
Phoenix, Az. 85003-2118

Honorable Eileen S. Willett
United States District Court
Sandra Day O'connor US. Courthouse, ste.130
401 W. Washington St, SPC-1
Phoenix, Az. 85003-2118

Duncan J. Stoutner
City of Mesa Attorneys office
MS-1077
P.O. Box 1466
Mesa, Az. 85211-1466

Respectfully Submitted,

Daniel Henry Armijo, Jr.