NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Henry Armijo, Jr., <br> Plaintiff, <br> v. <br> Edwin Nickerson, et al., <br> Defendants. | No. CV-19-02557-PHX-SRB (ESW) <br> **ORDER** |

Plaintiff Daniel Armijo filed a pro se Civil Rights Complaint on April 18. 2019. This Court entered its Screening Order on June 14, 2019 dismissing the fictitiously named defendants and the City of Mesa and allowing the claims against Defendant Edwin Nickerson to proceed to service. On October 29, 2019 the Court granted Defendant Nickerson's Motion for Judgment on the Pleadings and dismissed Plaintiff's state law claims against Defendant Nickerson because they were time barred.

Plaintiff requested leave to file an Amended Complaint which was granted by the Magistrate Judge. The Magistrate Judge then screened the proposed First Amended Complaint and allowed Counts I and II to proceed against Defendant Nickerson and against newly added Defendants Glover, Cameron, Hathcock, and Randy Doe. Because the First Amended Complaint did not correct the deficiencies identified in this Court's June 14, 2019 Order the Magistrate Judge explained in the Screening Order that she would issue a Report and Recommendation recommending the dismissal of the City of Mesa, and consistent with this Court's prior Orders, would recommend dismissal of all Doe

defendants except Randy Doe, Count III and IV, and the state law claims in Counts V, VI, and VII of the First Amended Complaint. The Magistrate Judge issued that Report and Recommendation on January 28, 2020 and Plaintiff filed timely written Objections.

Plaintiff's Objections are limited to the recommended dismissal of the Doe Defendants (except Randy Doe) and the City of Mesa. He argues that the Doe Defendants should not be dismissed until after certain discovery was completed. But as this Court explained in its June 14, 2019 Order dismissing the Doe Defendants, discovery could be used to obtain the names of fictitiously named Defendants and then Plaintiff could seek leave to amend to name those Defendants.

This Court had also previously dismissed Defendant City of Mesa explaining to Plaintiff that he could not bring a civil rights claim based on alleged negligence and also explaining that a failure to train claim against a municipality must allege facts to support that the alleged failure amounted to deliberate indifference. Plaintiff's original complaint failed to allege how training was deficient and facts to support deliberate indifference. In her Report and Recommendation, the Magistrate Judge found that Plaintiff had failed to correct the deficiencies identified in the June 14, 2019 Order because he only added a vague and conclusory allegation that "the City of Mesa has a history of allowing its police officers to use excessive force, allowing its officers to get away with assaulting peaceful citizens." Plaintiff's Objection consists of a quotation from a booklet or document entitled "Prisoner's Self-help Litigation Manual" which cited to a case from a district court in Michigan which he argues is different from the case cited by the Magistrate Judge. The Magistrate Judge's citation is to a 9th Circuit Court of Appeals case and is also the same case cited by this Court in its June 14, 2019 Order explaining the pleading deficiencies in Plaintiff's claim against the City of Mesa. This Court agrees with the Magistrate Judge that the newly added paragraph in the Amended Complaint fails to correct the deficiencies this Court addressed in its June 14, 2019 Order and that the City of Mesa should again be dismissed.

IT IS ORDERED overruling Plaintiff's Objections to the Report and

Recommendation.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

IT IS FURTHER ORDERED dismissing Counts III, IV, V, VI, VII, Defendant City of Mesa, and all Doe Defendants except Randy Doe.

Dated this 19th day of March, 2020.

_____
Susan R. Bolton
United States District Judge