**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Henry Armijo, Jr., | No. CV-19-02557-PHX-SRB (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Edwin Nickerson, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Request for Status of the Service of Defendant Glover (Doc. 69). On May 15, 2020, the Court provided the status of service on Defendant Glover and ordered the Plaintiff to show cause why this case should not be dismissed as to Defendants Glover and Randy Doe for failure to timely serve pursuant to Fed. R. Civ. P. 4(m) and 41(b). (Doc. 67). Plaintiff is aware of the status of service on Defendant Glover. The Court so informed the Plaintiff in the Court's Order (Doc. 67).

Plaintiff now requests that this Court order the City of Mesa Attorney's Office to provide Defendant Glover's last known address under seal for service of process by the United States Marshal Service ("USMS"). If a pro se prisoner proceeding *in forma pauperis* has provided to the USMS sufficient information to effectuate service on a defendant, the USMS' failure to effect service is "automatically good cause" to extend the service deadline. *Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States,* 902 F.2d 598, 603 (7th Cir. 1990)), *abrogated on other grounds by Sandin*

*v. Connor*, 515 U.S. 472 (1995). But where a prisoner fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, a court's sua sponte dismissal of the unserved defendant(s) is appropriate. *Id*.

It is not the Court's role to assist Plaintiff in obtaining Defendant Glover's address. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants."); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (federal "judges have no obligation to act as counsel or paralegal to *pro se* litigants") (italics in original); *Barnes v. United States,* 241 F.2d 252 (9th Cir. 1956) (noting pro se litigant does not have rights that a represented litigant does not have).  Plaintiff's request that the Court order the City of Mesa Attorney's Office to provide Defendant Glover's address under seal will be denied.

However, the Court will grant an extension of time to complete service and will permit Plaintiff to conduct reasonable discovery limited to ascertaining the requisite service information of Defendant Glover, specifically the Defendant's current address or last address of record while working for the City of Mesa Police Department.  The USMS's inability to effect service on Plaintiff's behalf is good cause for an extension of time to complete service of process.  *Pruett v. Blanford*, 912 F. 2d 270, 276 (9th Cir. 1990). Plaintiff may obtain the Defendant's address through a subpoena duces tecum. The Court will provide Plaintiff with a blank subpoena duces tecum which he may use to obtain the address information for Defendant Glover from the City of Mesa Police Department.  The Clerk of Court will file any information disclosed by the City of Mesa Police Department under seal and provide same to USMS for service of process.

**IT IS ORDERED** denying as moot Plaintiff's Request for Status of the Service of Defendant Glover (Doc. 69).

**IT IS FURTHER ORDERED** that the Clerk of Court send the Plaintiff a blank subpoena duces tecum.  Plaintiff shall complete the subpoena duces tecum requesting a document from the City of Mesa Police Department that would contain the current or last known address of record for Defendant Glover and return the subpoena duces tecum to the

Clerk of Court no later than **May 28, 2020**. Upon receipt of the completed subpoena duces tecum, the Clerk of Court is directed to forward it to the USMS for service.

**IT IS FURTHER ORDERED** extending the time for service of process on Defendant Glover to **August 20, 2020**.

**IT IS FUTHER ORDERED**:

1. Plaintiff must complete the subpoena such that the document requested is returned to the Court, not to Plaintiff.
2. Upon receipt of the document, the Clerk of Court is directed to file the document containing the address of Defendant Glover **under seal**.
3. Upon receipt of the address of Defendant Glover, the Clerk of Court is directed to complete a service packet and forward it to the USMS for service.
4. Service shall be made within **ninety days** of the date of this Order at Government expense by the United States Marshal or his authorized representative pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure. Failure to accomplish service within this time period may result in dismissal of Plaintiff's claims for failure to serve pursuant to Fed. R. Civ. P. 4 (m).
5. Defendant has **twenty (20) days** from the date of service within which to answer or otherwise respond to the Complaint as provided by the Fed. R. Civ. P.

Dated this 21st day of May, 2020.

_____
Honorable Eileen S. Willett
United States Magistrate Judge